# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | |
| JOSEPH ELLIOTT RYAN, ) | Case No. 03-21393-TLM |
| ) | |
| Debtor. ) | |
| ) | |
| _____ ) | |
| ) | MEMORANDUM OF DECISION |
| JOSEPH ELLIOTT RYAN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Adv. No. 07-07002-TLM |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**INTRODUCTION**

On April 25, 2003, Joseph Elliott Ryan ("Debtor") filed a chapter 7 bankruptcy, Case No. 03-20654-TLM, in this District, and he received a chapter 7 discharge on August 11, 2003.[1]

Less than three weeks after that discharge, Debtor filed a chapter 13, Case No. 03-21393-TLM, listing only an obligation owed the United States

---

[1] The Court takes judicial notice, *see* Fed. R. Evid. 201, of its files in the chapter 7 case, No. 03-20654-TLM, and the chapter 13 case, No. 03-21393-TLM, and in adversary proceedings related to both, for the purpose of explaining the background relevant to this matter.

MEMORANDUM OF DECISION - 1

("Government") representing the unpaid "costs of prosecution" imposed on Debtor as part of a federal criminal sentence. Debtor then filed an adversary complaint to determine whether that obligation would be dischargeable under § 1328(a)(3).[2] This Court denied as premature this request for a ruling at the outset of the chapter 13.[3]

Debtor, having now concluded his chapter 13 plan, by the instant adversary proceeding renews his request for determination of dischargeability.[4]

The Court concludes that the unpaid portion of the Government's claim for costs of prosecution is excepted from discharge by 11 U.S.C. § 1328(a)(3). This Decision constitutes the Court's findings and conclusions. Fed. R. Bankr. P. 7052.

**FACTS**

The facts of this case are not in dispute.[5] On July 13, 1995, the United States District Court for the District of Alaska found Debtor guilty of possession of

---

[2] *See* Adv. No. 03-6364. The Government filed an adversary proceeding, Adv. No. 03-6236-TLM, in connection with Debtor's chapter 7 case, contending that the obligation Debtor owed was nondischargeable under § 523(a)(7). That adversary proceeding was dismissed for inactivity in May, 2004. However, by listing the Government's debt for costs of prosecution in chapter 13, Debtor manifested a belief that it was not discharged in chapter 7. It was, in fact, the only debt scheduled by Debtor in this chapter 13 case.

[3] *See* Adv. No. 03-6364-TLM at Doc. Nos. 19 (Mem. Dec.), 20 (Order).

[4] The chapter 13 trustee's final report and accounting indicates that $2,774.89 was paid on the Government's claim, and that $77,088.34 of that claim remains unpaid. *See* Case No. 03-21393-TLM at Doc. No. 29.

[5] *See* Doc. No. 8 (Stipulation of Facts).

MEMORANDUM OF DECISION - 2

an unregistered firearm.[6] Among other sanctions, the Court ordered Debtor to pay a $7,500 fine, $750,000 in restitution, and $83,420 for the costs of prosecution. Debtor paid the $7,500 fine. The trial court, following an appellate mandate,[7] ultimately eliminated the restitution obligation.

Debtor filed a chapter 13 immediately following his chapter 7 discharge for the sole purpose of dealing with the Government's claim to recover the costs of prosecution.[8] This Court found in the Debtor's first adversary proceeding that the issue was prematurely advanced. *See Superior Court for the State of Cal. v. Heincy (In re Heincy),* 858 F.2d 548, 550 (9th Cir. 1988) (holding that prior to completion of payments under a chapter 13 plan, dischargeability is not an issue that generally is ripe for resolution).

Debtor thereafter completed his confirmed plan and this Court entered an Order of Discharge in the chapter 13 case on October 5, 2006.[9] Debtor argues that the costs of prosecution claim is subject to that discharge because costs of prosecution are not explicitly excepted from discharge under § 1328(a). The

---

[6] *See* 26 U.S.C. § 5861(d); *see also* 26 U.S.C. § 5845.

[7] *See United States v. Cheely*, 114 F.3d 1196 (9th Cir. 1997).

[8] The Government believes that § 523(a)(7) excepted the claim for costs of prosecution from discharge in the chapter 7. *See*, *e.g.*, Doc. No. 12 (brief) at 2 (citing *In re Zarzynski*, 771 F.2d 304 (7th Cir. 1985)). Debtor does not necessarily endorse this interpretation, but conceded in oral argument that filing the chapter 13 case, listing only this debt, and litigating the issue of discharge in the context of chapter 13 was a strategic decision.

[9] *See* Doc. No. 8 (Stipulation of Facts).

MEMORANDUM OF DECISION - 3

Government argues the costs of prosecution are a "criminal fine" excepted from chapter 13 discharge under § 1328(a)(3).

## DISCUSSION AND DISPOSITION

### A. Construction of § 1328(a)(3)

Section 1328(a)(3) states in pertinent part:

> [A]s soon as practicable after the completion by the debtor of all payments under the plan, . . . the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title *except any debt-*
> . . .
> (3) *for restitution, or a criminal fine, included in a sentence on the debtor's conviction of a crime*[.]

Section 1328(a)(3) (emphasis added).

Construction of the Code begins with the language used by Congress, and its "plain meaning" is to be followed.[10] Debtor, noting that "costs of prosecution" are not specifically mentioned in § 1328(a)(3), would have the Court cease its inquiry and resolve the matter on that basis. The Government, however, argues that "costs of prosecution" fall within the ambit of "criminal fine" as that term is used in § 1328(a)(3), and it advances several reasons why this interpretation should be adopted by the Court.

The answer is not as easily reached as Debtor contends and requires

---

[10] *See In re Astle*, 338 B.R. 855, 857 n.6, 06.1 I.B.C.R. 5 (Bankr. D. Idaho 2006) (citing *Lamie v. United States Trustee*, 540 U.S. 526 (2004); *Duncan v. Walker*, 533 U.S. 167 (2001); *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1 (2000); *Hughes Aircraft Co. v. Jacobsen*, 525 U.S. 432 (1999); *United States v. Ron Pair Enters.*, 489 U.S. 235 (1989)).

MEMORANDUM OF DECISION - 4

evaluation of case law and the history and function of the exceptions to discharge for criminal liabilities.

**B. Case law**

**1. *Kelly v. Robinson***

In *Kelly v. Robinson*, 479 U.S. 36 (1986), the United States Supreme Court held that § 523(a)(7) – which provides that a chapter 7 discharge "does not discharge an individual from any debt . . . to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss" – precludes discharge of criminal restitution obligations even though the section does not explicitly mention restitution. 479 U.S. at 50.

Of course, the present case involves chapter 13 rather than chapter 7, and § 1328(a)(3)'s language differs from that of § 523(a)(7). Therefore, *Kelly* is not directly on point.[11] Still, *Kelly* informs an analysis of § 1328(a)(3) because, as the parties ask the Court to do here, *Kelly* construed a Code provision that addressed the dischargeability of criminal monetary sanctions that were not explicitly mentioned in the provision.

---

[11] Also, unlike *Kelly*, the present case involves a federal rather than a state criminal conviction and related debts. While federalism concerns clearly factored into the decision in *Kelly*, *see*, *e.g.*, 479 U.S. at 47, the Court's rationale applies to criminal convictions under federal law as well. Debts owed to the United States, as with debts owed to an individual State, are "payable to and for the benefit of a governmental unit." *See* § 101(27) (defining governmental unit).

MEMORANDUM OF DECISION - 5

In *Kelly*, the Supreme Court found that the "language [of § 523(a)(7)] is subject to interpretation" and concluded that "it creates a broad exception for all penal sanctions, whether they be denominated fines, penalties, or forfeitures." *Id.* at 50, 51. Though acknowledging that "[o]f course, the 'starting point in every case involving construction of a statute is the language itself,'" it held that "the text is only a starting point" and that courts "must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law, and to its object and policy." *Id.* at 43 (citations omitted).

*Kelly* invoked the pre-1978 Code's established judicial exception[12] to discharge of criminal sentences to preclude discharge of any criminal monetary sanction, even those that do not explicitly appear in the statutory text.[13] The Court weighed the policy objectives underlying criminal punishments against the "fresh start" goals of the bankruptcy system. It expressed a preference for consistent enforcement of the former over the latter absent explicit direction from Congress to the contrary.

Though distinguishable in that it dealt with a chapter 7 discharge exception and a state criminal liability, *Kelly* nonetheless provides support for the inclusion of all penal monetary sanctions within the Code's discharge exceptions, including

---

[12] *Id.* at 46.

[13] *Id.* at 50 ("section 523(a)(7) preserves from discharge *any condition* a state criminal court imposes as part of a criminal sentence.") (emphasis added).

that before the Court here.[14]

## 2. *Pennsylvania Dep't of Welfare v. Davenport*

In *Pennsylvania Dep't of Welfare v. Davenport*, 495 U.S. 552 (1990), the United States Supreme Court held restitution dischargeable under chapter 13. At the time of the case, neither § 1328(a)(3) nor a similar provision existed. The Court held that the absence of such a provision, and the broad definition of "debt" in § 101(11), rendered criminal restitution debts dischargeable in chapter 13 cases.[15] The Court explained the discrepancy between the chapter 7 and chapter 13 treatment of such obligations by noting that, "Congress secured a broader discharge for debtors under Chapter 13 than Chapter 7 by extending to Chapter 13 proceedings some, but not all, of § 523(a)'s exceptions to discharge."[16]

At the time, Congress generally maintained a more comprehensive discharge in chapter 13 than in chapter 7.[17] However, Congress acted promptly to

---

[14] This is not the first time the Court has been called upon to evaluate *Kelly*'s application. For example, in *Huntley v. Vessey (In re Vessey)*, 2003 WL 1533445, 03.1 I.B.C.R. 62 (Bankr. D. Idaho Jan. 15, 2003), this Court followed *Kelly* and found a criminal restitution order imposed on the debtor nondischargeable under § 523(a)(7). In *Mabey v. Ellis (In re Ellis)*, 224 B.R. 786, 98.4 I.B.C.R. 109 (Bankr. D. Idaho 1998), the Court held *Kelly* remained good law and its policy was sound, but that it did not compel a finding of nondischargeability of a state restitution obligation imposed on the parents of a criminal offender. *Vessey* concluded that *Ellis* concerned a narrow factual situation which involved the statutory financial liability of parents for criminal liability of their minor child, and was limited to the facts there presented. *See* 2003 WL 1533445 at *8.

[15] *Id.* at 563-64.

[16] *Id.* at 563.

[17] A decade later, the Bankruptcy Abuse Prevention and Consumer Protection Act of
(continued...)

MEMORANDUM OF DECISION - 7

overturn *Davenport* and limit the chapter 13 discharge of monetary sanctions imposed as punishment for a crime. Congress did so by adding § 1328(a)(3), which excepted from discharge in chapter 13 "restitution included in a sentence on the debtor's conviction of a crime."[18] In 1994, Congress further amended the language of § 1328(a)(3) to its present form, excepting from discharge debts "for restitution, or a criminal fine, included in a sentence on the debtor's conviction of a crime."[19] The fact that Congress chose to use in § 1328(a)(3) the word "fine" which appears in § 523(a)(7) is also instructive, though admittedly not conclusive, regarding its intention to import into § 1328(a)(3) the comprehensive exception of § 523(a)(7) recognized in *Kelly*.

### 3. *In re Warfel*

In *Warfel v. City of Saratoga (In re Warfel)*, 268 B.R. 205 (9th Cir. BAP 2001), the Panel concluded that a post-probation civil judgment for unpaid restitution fell within § 523(a)(7)'s exception for "fines, penalties, and forfeitures" imposed upon the debtor's conviction. It rejected arguments that the "civil"

---

[17](...continued)
2005, Pub. L. No. 109-8, 119 Stat. 23 (2005) ("BAPCPA"), reduced the chapter 13 super-discharge and brought chapter 7 and chapter 13 discharges into closer alignment. Debtor's bankruptcy preceded BAPCPA's effective date of October, 2005, and BAPCPA's amendments do not relate to the issue at bar.

[18] Pub.L. No. 101-581, 104 Stat. 2865 (1990).

[19] Pub.L. No. 103-394, 108 Stat. 4106 (1994). The legislative history to the 1994 amendment does not address what motivated the amendment or what was intended for inclusion within the penumbra of "criminal fine" and provides no assistance in the instant case.

MEMORANDUM OF DECISION - 8

enforcement process distinguished the restitution from that in *Kelly* and rendered that obligation insufficiently "penal" in nature to fall within the exception, concluding that "[t]he fact that California law allows enforcement of the restitution obligation as a civil judgment did not divest the restitution obligation *of its identity as a part of the criminal sentence*."  268 B.R. at 211 (emphasis added). It found that, in light of *Kelly* and *Davenport*, a monetary "sanction must be 'penal' to fall within the § 523(a)(7) exemption.  Only monetary sanctions that are intended as punishment are 'fines or penalties' as that term is used in § 523(a)(7)." *Id.* at 210 (citing *In re Taggart*, 249 F.3d 987, 992-94 (9th Cir. 2001)).  The restitution obligation imposed as a part of the debtor's conviction "was part of the panoply of punishments available in the [state's] Penal Code."  *Id.* at 212.

In concurring, Judge Klein discussed yet further the concept of the "fine" noting that "*Kelly* says [debtor's] restitution obligation is a 'fine' because it was rendered as a condition of probation in a criminal sentencing."  268 B.R. at 215.

The concurrence also discusses § 1328(a)(3).  That section, it noted, "is broader than § 523(a)(7) in that neither the identity of the payee, nor the beneficiary of the payment, nor the compensatory nature of the restitution award is relevant."  *Id.* at 217.  Thus, "Section 1328(a)(3), in effect, enacts into positive law for chapter 13 'super-discharges' the legal fictions established in *Kelly* for chapter 7 discharges."  *Id.*

MEMORANDUM OF DECISION - 9

Additionally, the concurrence noted that "[T]he Criminal Code was amended in 1994 to adopt a bankruptcy-resistant federal victim restitution scheme. 18 U.S.C. §§ 3663-64." *Id.* In these amendments: "Restitution orders and fines are expressly excepted from all bankruptcy discharges, including the § 1328(a) 'super-discharge.' 18 U.S.C. § 3613(e) & (f)." *Id.*[20]

### 4. *In re Taggart*

In *In re Taggart*, 249 F.3d 987 (9th Cir. 2001), which was discussed in *Warfel*, the California State Bar sanctioned the debtor in an attorney disciplinary hearing. The sanctions included a statutory assessment of costs. However, the Court concluded that the California statute contemplated a monetary sanction akin to a *civil*, rather than *penal*, fine.[21] It held that due to its non-penal nature, it was error to find the debt for costs nondischargeable under § 523(a)(7). *Id.* at 994.

*Taggart* specifically indicated that it did not erode the "any condition. . . imposed as part of a criminal sentence" language of *Kelly* because the discharged condition in *Taggart* was not a result of a criminal sentence. To the contrary, the Ninth Circuit suggested that, had Taggart's debt to the State Bar constituted a

---

[20] The Government has here argued that 18 U.S.C. § 3613(e) provides additional evidence of Congressional intent to preserve criminal monetary sanctions despite bankruptcy discharge. The provision provides that, "[n]o discharge of debts in a proceeding pursuant to any chapter of title 11, United States Code, shall discharge liability to pay a fine pursuant to this section, and a lien filed as prescribed by this section shall not be voided in a bankruptcy proceeding."

[21] 249 F.3d at 994 (". . .California does not view the assessment of costs on disciplined attorneys as penal in nature, [therefore] analogy to the criminal context is inapt.").

MEMORANDUM OF DECISION - 10

criminal punishment, it would have been nondischargeable even though the monetary sanction was classified as "costs," a category of monetary sanction not explicitly listed in § 523(a)(7).[22]

### C.  Costs of prosecution as criminal fines.

Debtor argues that the Court should not view costs of prosecution as either analogous to or falling within "criminal fines" because in this case a criminal fine was imposed as a discrete form of monetary sanction. He asserts that, if the sentencing court intended costs of prosecution as equivalent to, or a subset of, a criminal fine, the court could simply have increased the amount of the criminal fine rather than go to the trouble to invoke and impose an entirely separate sanction category.[23] While competently advanced, the argument is not compelling.

*Kelly* and subsequent cases support the concept of nondischargeability of all monetary sanctions imposed in connection with a criminal conviction. Congress' response to *Davenport*, as discussed inter alia in *Warfel*, supports the

---

[22] *Id.* (noting that "§ 523(a)(7) creates a broad exception for all *penal* sanctions, whether they be denominated fines, penalties, or forfeitures") (citing *Kelly*, 479 U.S. at 51) (internal quotation marks omitted); *see also In re Williams*, 158 B.R. 488, 491, 93 I.B.C.R. 97, 98 (Bankr. D. Idaho 1993) (finding costs imposed in Idaho State Bar proceeding in the nature of a fine or penalty under § 523(a)(7)). A number of decisions agree with *Williams*' characterization of costs imposed in a disciplinary proceeding as within the "fines or penalties" language of § 523(a)(7). *See*, *e.g.*, *In re Richmond*, 351 B.R. 6 (Bankr. D.N.H. 2006); *In re Smith*, 317 B.R. 302 (Bankr. D. Md. 2004); *In re Bertsche*, 261 B.R. 436 (Bankr. S.D. Ohio 2000).

[23] *Cf. United States v. Ducharme*, 505 F.2d 691, 692 (9th Cir. 1974) (per curiam) (holding that statute limiting fine upon conviction to $500 precluded an assessment of costs of prosecution in addition to a $500 fine because that would be "tantamount to increasing that fine" beyond the statutory maximum).

MEMORANDUM OF DECISION - 11

idea that such a result attends amended § 1328(a)(3), which omits several of the qualifiers found in § 523(a)(7). *Taggart* strongly suggests that costs of prosecution imposed in a criminal proceeding would be nondischargeable under § 523(a)(7), as it was the civil nature of such costs in *Taggart* that operated to exclude them from the Code's reach. These cases do not, though, specifically address whether costs of prosecution are "fines" as that term is used in the Bankruptcy Code.[24]

Because the Bankruptcy Code does not define either "fine" or "costs of prosecution," the Court may consider external resources. One such resource is other federal statutes. Such statutes suggest that fines do encompass costs of prosecution. *See, e.g.,* 21 U.S.C. § 844(a) ("a person who violates this subsection shall be *fined* the reasonable costs of investigation and prosecution of the offense, including the costs of prosecution of an offense as defined in section 1918 and 1920 of Title 28. . .") (emphasis added).[25]

---

[24] However, *In re Cox*, 33 B.R. 657, 661-62 (Bankr. M.D. Ga. 1983), expressly held that an obligation imposed under 28 U.S.C. § 1918(b) to pay the costs of prosecution was imposed primarily as punishment and was nondischargeable in a chapter 7 bankruptcy. That holding was based on a perceived "distinction between debts representing actual pecuniary loss to the government and debts representing fines and penalties imposed as a part of a debtor's criminal sentence." *Id.* at 661.

[25] The referenced statute, 28 U.S.C. § 1918, is entitled: "District courts; *fines*, forfeitures and criminal proceedings." (Emphasis added). This statute addresses only matters of costs. The Government has here contended that the costs of prosecution were imposed under 28 U.S.C. § 1918(b). *See* Doc. No. 12 at 4. That section provides: "(b) Whenever any conviction for any offense not capital is obtained in a district court, the court may order that the defendant pay the costs of prosecution."

MEMORANDUM OF DECISION - 12

Dictionaries are another resource, and the accepted definition of the word "fine" provides additional support for the Government's position. According to Black's Law Dictionary, "a pecuniary criminal punishment. . . payable to the public treasury[,]" as were the costs of prosecution in this case, constitutes a fine.[26]

Absent a Bankruptcy Code definition to the contrary, the context provided by other federal statutes and the common definition of "fine" suggest that costs of prosecution imposed in a penal manner fall within that term and, thus, within the § 1328(a)(3) exception to discharge.

**CONCLUSION**

As discussed above, strong congressional and jurisprudential currents demonstrate an intent to close off bankruptcy as an avenue to avoid any form of monetary sanction imposed as part of punishment for the commission of a crime. *Kelly* made this observation initially in the chapter 7 context, and Congress evidenced an intent to replicate this comprehensive nondischargeability for criminal monetary sanctions in chapter 13 with its passage and subsequent amendment of § 1328(a)(3). Even though § 1328(a)(3) does not expressly mention costs of prosecution, the Supreme Court precedent and other cases suggest that Congress need not specifically mention a monetary penal sanction category or classification in order for it to be nondischargeable. And, additionally, the source

---

[26] Black's Law Dictionary 664 (8th ed. 2004); *see also* American Heritage Dictionary 661 (4th ed. 2000) ("A sum of money required to be paid as a penalty for an offense").

MEMORANDUM OF DECISION - 13

of imposition of the costs under 28 U.S.C. § 1918, other federal statutes recognition of such costs as a "fine," and even the generally accepted meaning of the term fine, lend further support to the Government's interpretation.

The Court concludes that Debtor did not discharge in his chapter 13 case the costs of prosecution that were imposed in connection with his federal criminal sentence. Such costs fall within § 1328(a)(3)'s exception from discharge of "any debt . . . for . . . a criminal fine, included in a sentence on the debtor's conviction of a crime." The Government shall submit a form of judgment consistent with this Decision.

DATED: July 31, 2007



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 14